USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/12/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIFFANY AUTUMN LUNA,

                    Plaintiff,

          -against-

SABRINA ANNLYNN CARPENTER and ISLAND
DEF JAM MUSIC GROUP,

                    Defendants.

26-CV-01723 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

This is a copyright infringement action. *Pro se* Plaintiff, proceeding *in forma pauperis*, is Tiffany Autumn Luna, a resident of Texas. Dkt. No. 1 at 3. Defendants are the singer Sabrina Annlynn Carpenter, who Plaintiff alleges resides in New York, and Island Def Jam Music Group ("JMG"), who Plaintiff alleges is incorporated in Los Angeles County, California, and has its principal place of business in the Netherlands. *Id.* Plaintiff alleges that Carpenter's April 24, 2024 song *Espresso*, which JMG "own[s] and distribute[s]," copies substantial elements of Plaintiff's copyrighted song *I'm in Love*. *Id.* at 5–6. Plaintiff alleges this infringement occurred in California, where JMG is based. *Id.* at 5. Although these are serious allegations, venue is improper in this district.

Section 1391 provides that a civil action may be brought in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated;" or (3) "if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 US.C. § 1391(b).

Plaintiff alleges Carpenter resides in New York and JMG resides in California. Dkt. No. 1 at 3.[1] As Defendants reside in two different states, venue is not proper in this district solely by virtue of Carpenter's domicile. Instead, venue is proper in a district court in California per Section 1391(b)(2), where Plaintiff alleges the copyright infringement occurred. *See id.* at 5.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Given Plaintiff's *pro se* status, a transfer is in the interest of justice.

Plaintiff alleges her case arose in California. Dkt. No. 1 at 5. Given Plaintiff also alleges that JMG resides in the Central District of California, Plaintiff seems to allege that the infringement occurred in the Central District of California. Accordingly, at this stage of the case venue appears to be proper in the Central District of California under Section 1391(b)(2).

As venue is proper in the Central District of California and improper in the Southern District of New York, the Court will exercise its authority under Section 1406(a) and transfer this action to United States District Court for the Central District of California.

## CONCLUSION

The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Central District of California. A summons shall not issue from this Court. Upon transfer, the Clerk of Court is further respectfully directed to CLOSE this case.

---

[1] Plaintiff previously filed a substantially identical action in the Central District of California and alleged Carpenter resides in Los Angeles County, California. *See Luna-Vides v. Carpenter*, 25-CV-08754, Dkt. No. 1 at 2 (C.D. Cal. Sept. 9, 2025).

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that an appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is DENIED for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: June 12, 2026
      New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge